CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 29 2005

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **BRANCH BANKING & TRUST COMPANY OF VIRGINIA**, a Virginia banking company, | |
| Plaintiff, | Civil Action No. 7:04CV00624 |
| v. | **MEMORANDUM OPINION & ORDER** |
| **TODD FOWLER, et al.,** | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

Plaintiff, Branch Banking & Trust Company of Virginia (BB&T), has filed this diversity action seeking to enforce a note against Kevin T. Lilly, Robert Earl Barnett, Michael A. Stone, and Todd A. Fowler, who guaranteed the note on behalf of Quorum Radio Partners (Quorum). The defendants waived service and had sixty days to file an answer or other responsive pleading. None of the defendants filed an answer or responsive pleading. BB&T moved for a default judgment, and the court took that motion under advisement to give the parties a month to negotiate payment of the note. During that period, the defendants did make two $5,000 payments; however, they did not fully satisfy the obligation, and, at the close of that month, BB&T renewed its motion for default judgment. Three of the defendant guarantors, Lilly, Barnett, and Stone (hereinafter, "the guarantors"),[1] moved for an extension of time to file an answer or responsive pleading.

The matter is before the court on BB&T's motion for default judgment under Federal

---

[1] The fourth note guarantor, Fowler, has never filed an answer, did not appear at the hearing before the Magistrate Judge, and has not moved for an extension of time. Nevertheless, the court's decision on BB&T's motion for a default judgment applies to Fowler just as it does to the other guarantors.

Rule of Civil Procedure 55(b)(2) and on the motion of the guarantors for an extension of time to file an answer or responsive pleading. The court submitted the matter to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge held a hearing and ultimately found that the guarantors had failed to provide any excuse besides "inattention" for failing to respond and that BB&T had presented "sufficient evidence to support its claim for damages, costs, and fees by way of uncontradicted affidavits and testimony." Thus, the Magistrate Judge recommended that the court deny the guarantors' motion for an extension of time and enter default judgment in favor of BB&T in the amount of $296, 153.30 ($256,153.30 to cover the loan principal, interest, and late fees and $40,000 to cover attorneys' fees[2]).

The guarantors timely filed objections to the Magistrate Judge's Report and Recommendation. For the first time, the guarantors claimed that the identity of the primary obligor to the note was unclear, alleging that Quorum had held itself out as a Virginia corporation at times and as a Missouri corporation at other times.[3] According to the guarantors, awarding BB&T a default judgment in light of this discrepancy would result in "a manifest injustice." The guarantors have presented no affidavits or exhibits to support their claim, and the guarantors have not articulated how confusion over Quorum's state of incorporation might alleviate their responsibility for Quorum's debt. Regardless of whether Quorum is a Missouri corporation or a

---

[2]When calculating the attorneys' fees, the Magistrate Judge relied upon a BB&T witness, John C. Stone, who testified that BB&T would likely incur $10,000 to $15,000 in legal fees per defendant in order to collect on the judgment. The Magistrate Judge calculated an award on the lower end of that scale ($10,000 x 4 defendants = $40,000), and the guarantors have not objected to that calculation.

[3]Though the guarantors never presented this argument to the Magistrate Judge, the court may consider the argument in deciding whether to adopt the Magistrate Judge's Report and Recommendation. See Doe v. Chao, 306 F.3d 170, 183 n9 (4th Cir. 2003).

Virginia corporation, it is undisputed that the guarantors executed guaranty agreements to jointly and severally guarantee Quorum's obligations under the note with BB&T. Further, the guarantors undisputedly made two $5,000 payments toward the debt, evidencing an awareness of their obligation.

Therefore, it is hereby **ORDERED** and **ADJUDGED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety. The court hereby **DENIES** the guarantor's motion for an extension of time to file an answer or responsive pleading and **GRANTS** a default judgment in favor of the plaintiff and against the defendants in the amount of $296, 153.30.

ENTER: This 29th day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

3